UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR EDUARDO HERRERA,<br><br>Defendant. | No.  2:15-cr-00131-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Edgar Eduardo Herrera's ("Defendant") Motion for Compassionate Release.  (ECF No. 477.)  The Government filed an opposition.  (ECF No. 481.)  Defendant filed a reply and a supplemental reply.  (ECF Nos. 489, 492.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2016, Defendant pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 185.)  On May 23, 2019, the Court sentenced Defendant to a 38-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF No. 455.)  Defendant is currently serving his sentence at USP Lompoc.  He has served approximately 14 months of his 38-month sentence of imprisonment, and his projected release date is March 17, 2022.

On September 4, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 477.)  Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.  (*Id.* at 7.)  Defendant is 26 years old and claims he is particularly vulnerable to COVID-19 because he has a high body mass index ("BMI"), a history of pneumonia with a "possible" underlying lung condition, and "possible" renal and liver disease.  (*Id.* at 8.)  He cites the conditions of confinement at USP Lompoc as an additional factor in his vulnerability.  (*Id.* at 12.)  In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (*See generally* ECF No. 481.)

### II.   ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

1    In the instant case, it is undisputed that Defendant has met the threshold exhaustion
2    requirement.  Defendant made a request to the warden on July 29, 2020.  Because 30 days have
3    passed since July 29, 2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. §
4    3582(c)(1)(A).

5    Despite having met the exhaustion requirement, Defendant is eligible for compassionate
6    release only if he can demonstrate there are "extraordinary and compelling reasons" for a
7    sentence reduction and such a reduction is "consistent with applicable policy statements issued by
8    the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Defendant has not met his burden.

9    The Sentencing Commission's relevant policy statement on compassionate release
10   identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
11   U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"
12   requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering
13   from a serious physical or medical condition, serious functional or cognitive impairment, or
14   deteriorating physical or mental health because of the aging process, "that substantially
15   diminishes the ability of the defendant to provide self-care within the environment of a
16   correctional facility and from which he or she is not expected to recover."  *Id.*

17   Defendant's medical records — filed under seal — indicate his BMI is greater than 40.
18   Defendant also provides evidence of two medical encounters: (1) Defendant was diagnosed with
19   pneumonia in 2017 with no listed complications; and (2) Defendant went to an emergency room
20   in March 2019 complaining of a cough and other symptoms similar to pneumonia, but Defendant
21   ultimately left without being seen by a doctor.  In addition, Defendant submits a declaration in
22   which he describes suffering from pneumonia-like symptoms for the last six years.  (ECF No.
23   477-1 at 10.)  He also explains he was not consistently treated by a doctor during that time
24   because he did not have medical insurance.  (*Id.*)  Lastly, Defendant submits a declaration from
25   Dr. Richard DeFelice, a physician specializing in pulmonary, infectious disease, and critical care
26   medicine, who reviewed Defendant's evidence.  (ECF No. 492-2.)  Dr. DeFelice admits there was
27   a "dearth of documented medical records," but nevertheless states his opinion that Defendant
28   "may" have a lung condition and "possible" renal and liver disease.  (*Id.* at 2–3.)  According to

Dr. DeFelice, these possible health conditions, as well as Defendant's morbid obesity, place Defendant at risk of severe COVID-19 illness. (*Id.*)

The Court is mindful that people with certain medical conditions, including obesity, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his medical conditions qualify as an "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. As the Government points out, Defendant's medical records indicate he is not being treated for any current health conditions, and the only condition noted at intake was an ingrown toenail. (ECF No. 481 at 3.) Dr. DeFelice essentially speculates that Defendant has lung, renal, and liver problems — based on dated, insubstantial medical records and Defendant's own self-reporting — but there is no evidence Defendant actually suffers from any medical conditions other than obesity. Moreover, at 26, Defendant is not in the high-risk age group for COVID-19. Finally, it bears mentioning that there are currently no reported inmate cases of COVID-19 at USP Lompoc.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors. *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

However, the Court notes that even if Defendant's obesity alone was sufficient to find extraordinary and compelling reasons for release, the § 3553(a) factors do not support such a

drastic reduction. Defendant's 38-month sentence is already well below the sentencing guidelines range of 70–87 months. Defendant now seeks to reduce his sentence to time served despite having served only approximately 14 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guideline, 38-month sentence to a significantly lower 14-month sentence. At sentencing, the Court already considered many of the factors Defendant raises in the instant motion, such as the nature and circumstances of the offense, Defendant's acceptance of responsibility, and his history and characteristics. (*See* ECF No. 477 at 17–20.) Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears USP Lompoc has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 38-month sentence.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 477.)

IT IS SO ORDERED.

DATED: October 8, 2020

_____
Troy L. Nunley
United States District Judge